**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**WESAM ELHANAFI,**

                                                          **MEMORANDUM**
                 **Plaintiff,**                                **AND ORDER**

          **-against-**                                         **12-CV-2773 (ENV)**

**JOHN P. CRONON,**
*Assistant U.S. Attorney*

                   **Defendant.**
-------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

The Court is in receipt of a letter addressed to Judge Eric N. Vitaliano, the District Judge assigned to this case, from Walid Elhanafi ("Walid"), the brother of the *pro se* plaintiff Wesam Elhanafi ("plaintiff" or "Wesam"). <u>See</u> Letter dated 6/11/12 from Walid Elhanafi to Judge Vitaliano (June 11, 2012), ("Walid Letter"), Electronic Case Filing ("ECF") Docket Entry ("DE") #5. In that letter, Walid acknowledges that, on behalf of Wesam, he consented to defense counsel's request for an extension of time to respond to the complaint, <u>see</u> <u>id.</u> at 1, which was granted by this Court on June 7, 2012. <u>See</u> Order (June 7, 2012), DE #4. However, citing a General Power of Attorney by which plaintiff appointed Walid his attorney in fact, Walid requests that the Court demand that the defendant in this case -- Assistant United States Attorney ("AUSA") John P. Cronan of the Southern District of New York -- answer the complaint by June 15, 2012. <u>See</u> Walid Letter at 2 & Ex. A. The apparent reason for this request is Walid's desire that in connection with a federal proceeding scheduled for Monday, June 18, 2012, in the criminal prosecution of plaintiff Wesam, AUSA Cronan, the prosecutr therein, clarify statements he previously made at Wesam's bail hearing. <u>See</u> <u>id.</u> at 1-2.

Walid's request that the Court modify its Order of June 7, 2012, granting the government's request for a sixty-day extension of the time within which to respond to the complaint, is denied. As an initial matter, notwithstanding the Power of Attorney, Wesam (who presumably is not a licensed attorney) is not entitled to enter an appearance and/or seek relief on his brother's behalf in this case. Although a litigant in federal court has a right to act as his or her own counsel, see 28 U.S.C. § 1654, "because *pro se* means to appear for one's self, a person [other than a licensed attorney] may not appear on another person's behalf in the other's cause." Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998); accord United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 92 (2d Cir. 2008). Consequently, Walid will not be permitted to represent his brother, Wesam, in this action.[1]

In any event, good cause has not been shown for modifying the Court's Order of June 7, 2012.

Walid's application is denied.

The Clerk is directed to enter this memorandum and order into the ECF system and to mail copies to plaintiff and his brother Walid.

    **SO ORDERED.**

**Dated:**     **Brooklyn, New York**
            **June 13, 2012**

                                            /s/ *Roanne L. Mann*
                                          **ROANNE L. MANN**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[1] Because Wesam is incarcerated, and the Court does not have his registration number or address, the Court will continue to send copies of all court orders to him in care of his brother Walid at his brother's residence.